UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRINA S. SLATOR, AS ADMINISTRATRIX                                              PLAINTIFF
OF THE ESTATE OF SARAH LEE
SLATOR, DECEASED

V.                                                    CIVIL ACTION NO. 3:19-CV-77-DPJ-FKB

E.C. BARTON & COMPANY, d/b/a                                                    DEFENDANT
SURPLUS WAREHOUSE

ORDER

E.C. Barton & Company, Defendant in this trip-and-fall case, seeks summary judgment on Plaintiff Trina S. Slator's claims against it. Because the Court finds that a question of fact exists for trial, Barton's Motion for Summary Judgment [43] is denied.

I.   Facts and Procedural History

On March 7, 2016, at approximately 10:40 a.m., Trina and her mother Sarah Lee Slator visited Surplus Warehouse on Highway 80 in Jackson, Mississippi, to look at cabinets for a kitchen remodel.[1] Slator was walking toward a display area and pointing to some cabinets she liked when she tripped over a rolled carpet remnant that was on the floor. Slator fell, hitting her head on a countertop. According to Trina, after her mother fell, an unidentified store employee approached her and said that the carpet remnant "should have been moved" and explained "that it was taken out to show another customer before [the Slators] arrived." Trina Dep. [43-1] at 42.

Jolyn Armstrong was the on-duty manager at Surplus Warehouse that day. She testified that as acting manager, she would have arrived at the store about 8:00 that morning to

> walk the entire premises of the building on the inside just seeing what was left undone from the day before, scanning floors . . . making sure that there's nothing

---

[1] Defendant E.C. Barton & Company operates Surplus Warehouse.

>left on floors . . . from customers, employees, whatever . . . that would . . . need to be addressed before opening.

Armstrong Dep. [43-2] at 9–10.  During her inspection, Armstrong observed no carpet remnants near where Slator fell over two hours later.  Armstrong Aff. [43-3] ¶ 3.

Armstrong was not on the floor when the accident happened, but she states that two other employees were:  cashier Michael Burrell and warehouseman Shane Gregory.  *Id.* ¶ 5.  Armstrong believes Burrell would have been on the showroom floor when Slator fell, either assisting a customer at a display or near the cashier stand located roughly 15 to 20 feet the accident site.  Armstrong Dep. [43-2] at 23–24.  Armstrong says both Burrell and Gregory denied knowing the carpet was present on the showroom floor before Slator's fall; apparently, neither was deposed.  Armstrong Aff. [43-3] ¶ 5.[2]

Armstrong also explained that rolls of carpet remnants were kept in the warehouse, which is "open for self-shoppers, if they want to grab them themselves and bring them up front."  Armstrong Dep. [43-2] at 41.  And Surplus Warehouse staff are taught to put a carpet roll that is left outside of its usual spot in the warehouse "back in its destination."  *Id.*  Armstrong testified that Surplus Warehouse employees "try to constantly watch" the floors "in an effort to keep the floor and walkways clear."  *Id.* at 42.

After the fall, Slator was taken by ambulance to Mississippi Baptist Medical Center, where she was diagnosed with a concussion, soft tissue hematoma and edema along the nasal bridge, right subconjunctival hemorrhage, injuries to both wrists, and a fracture in her ankle.  Contending that Barton's negligence caused her injuries, she filed this premises-liability lawsuit

---

[2] The Court may not consider hearsay when deciding a motion under Rule 56.  *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  But neither party addresses whether these out-of-court statements constitute hearsay, and, if so, whether they fall within an exception to the rule against its inadmissibility.  Even assuming the statements are admissible, there remains a question of fact.

2

on January 29, 2019.  Slator died on October 17, 2019, and Trina, as Administratrix of her estate, was substituted as the plaintiff.  After discovery closed, Barton moved for summary judgment.  Trina responded in opposition, and Barton declined to file a reply.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323 (punctuation altered).  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

"Premises liability is a 'theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of conditions or activities on the land.'" *Johnson v. Goodson*, 267 So. 3d 774, 777 (Miss. 2019) (quoting *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011)) (punctuation altered).  Under Mississippi premises-liability law, Slator was Barton's invitee while a customer at Surplus Warehouse.  *See Venture, Inc. v. Harris*, 307 So. 3d 427, 433 (Miss. 2020).  "A business owner owes a duty to an invitee to keep the premises in a reasonably safe condition and to warn the invitee of dangerous conditions that are not readily apparent."  *Id.* (quoting *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 71 (Miss. 2019)). "When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown."  *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992).  Where a plaintiff must prove knowledge, she satisfies her burden by showing either actual or constructive knowledge.  *Id.*

"Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986).

> The court will not indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed[;] therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge.  *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986).  The plaintiff must present specific proof as to the relevant actual length of time.  *Dickens v. Wal-Mart Stores*, 841 F. Supp. 768, 771 (S.D. Miss. 1994).

*Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007).

Finally, "negligence may be proved by circumstantial evidence where circumstances are such as to remove the case from the realm of conjecture and place it within the field of legitimate inference." *Weathersby Chevrolet Co. v. Redd Pest Control Co.*, 778 So. 2d 130, 133 (Miss.

4

2001). And "when [a negligence case] turns on circumstantial evidence it should rarely be taken from the jury." *Jones v. Anderson Rd. Oxford, LLC*, No. 3:19-CV-258-SA-DAS, 2021 WL 24552, at *2 (N.D. Miss. Jan. 4, 2021) (quoting *Davis v. Flippen*, 260 So. 2d 847, 848 (Miss. 1972)) (alteration in *Jones*).

In sum, to establish her premises liability claim against Barton, Trina must show either "(1) that [Barton's] negligence injured [Slator], (2) that [Barton] had [actual] knowledge of the dangerous condition and failed to warn [Slator], or (3) that the condition existed for a sufficient amount of time so that [Barton] should have had knowledge or notice of the condition." *Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 773 (Miss. Ct. App. 2008). Trina appears to attempt all three routes. *See* Pl.'s Mem. [48] at 8 ("Surplus Warehouse caused the hazard[.]"); *id.* at 1 ("Surplus Warehouse knew of the presence of the rolled carpet on its premises. At a minimum, Surplus Warehouse had constructive knowledge of the rolled carpet before Mrs. Slator fell.").

Starting with constructive knowledge, Trina offers no evidence suggesting the length of time the carpet was present on the showroom floor, instead arguing that "Surplus Warehouse should have seen the carpet roll even if it was only on the floor for a short period of time." Pl.'s Mem. [48] at 12. But Mississippi law requires a plaintiff to "present specific proof" as to the length of time a hazardous condition existed. *Dickens*, 841 F. Supp. at 771. Trina has not created a jury question as to constructive notice.

Trina's actual-knowledge argument is different. She testified that immediately following the fall, a male store employee told her the carpet remnant "should have been moved," explaining "that it was taken out to show another customer before [the Slators] arrived." Trina Dep. [43-1] at 42. It is not entirely clear from the testimony that a Barton employee—as opposed to an earlier customer—actually moved the carpet to the showroom floor. But the

5

testimony does create a fact question whether a Barton employee knew the carpet was present on the showroom floor before Slator fell.  And because Barton declined to file a reply in support of its summary-judgment motion, it never addressed this issue.  Trina's testimony creates a question of fact as to whether Barton had actual knowledge of the hazard and failed to warn Slator.[3]

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  Because a question of fact exists, Barton's Motion for Summary Judgment [43] is denied.  The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days of the entry of this Order to set the case for a settlement conference.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2021.

                                                             s/ *Daniel P. Jordan III*
                                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The same employee statement—viewed in the light most favorable to Trina—may also create a question of fact as to whether Barton moved the carpet to the showroom floor.  The employee did not say a customer brought the carpet out from the warehouse; he said the carpet "was taken out to show another customer."  Trina Dep. [43-1] at 42.  This at least suggests Barton itself may have created a dangerous condition.  In any event, there is a question of fact as to Barton's actual knowledge.