IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRINA S. SLATOR, AS ADMINISTRATRIX
OF THE ESTATE OF SARAH LEE SLATOR, DECEASED          PLAINTIFF**

**V.                              CIVIL ACTION NO. 3:19-CV-77-DPJ-FKB**

**E.C. BARTON & COMPANY
D/B/A SURPLUS WAREHOUSE                             DEFENDANT**

### DEFENDANT'S MOTION IN LIMINE

**COMES NOW** the Defendant, E.C. BARTON & COMPANY D/B/A SURPLUS WAREHOUSE (hereinafter "Defendant"), by and through its counsel of record, ANDERSON CRAWLEY & BURKE, PLLC, and brings this its ***Motion in Limine,*** and in support thereof would show unto the Court the following, to-wit:

The following should be excluded from the trial of this civil action:

1.   Any comment by Counsel, or any other reference or implication by Counsel, or any evidence that Defendant is insured against liability.  Any evidence of liability insurance is inadmissible pursuant to FRE 411.

2.   Any comment by Counsel, or any other reference or implication by Counsel, that Defendant's attorneys are part of a "large law firm" or that Defendant has "many attorneys", or that Defendant's attorneys routinely represent Defendants in civil actions, or that Defendant's attorneys rarely represent Plaintiffs in civil actions.  This information is not relevant pursuant to FRE 401 and should be excluded pursuant to FRE 402.  In the alternative, this information should be excluded pursuant to FRE 403, because any

probative value of this information is substantially outweighed by the danger of unfair prejudice.

      3.     Any comment by counsel, or any other reference or implication by Counsel, or any evidence that Defendant is a "large corporation", or a "large company", or that Defendant is a "for profit" corporation. This information is not relevant pursuant to FRE 401 and should be excluded pursuant to FRE 403, because any probative value of this information is substantially outweighed by the danger of unfair prejudice.

      4.     Any comment by Counsel, or any other reference or implication by Counsel, or any evidence regarding the financial condition of Defendant. This information is not relevant pursuant to FRE 402. In the alternative, this information should be excluded pursuant to FRE 403, because any probative value of this information is substantially outweighed by the danger of unfair prejudice.

      5.     Any comment by Counsel, or any other reference or implication by Counsel, or any evidence regarding the financial condition of the Plaintiff. This information is not relevant pursuant to FRE 401 and should be excluded pursuant to FRE 402. In the alternative, this information is substantially outweighed by the danger of unfair prejudice.

      6.     Any comment by Counsel, or implication by Counsel, or any evidence regarding any alleged "bad conduct" by the Defendant which implicates the possibility of punitive damages, in that the Plaintiff has not pled nor made a claim for punitive damages and has thereby removed the potential issue of punitive damages from the Trial of this case.

7. Any testimony by any designated expert witness on behalf of the Plaintiff which goes beyond that information which was provided in discovery prior to the expiration of the discovery deadline in this case.

8. Any testimony by any designated expert witness or any other witness on behalf of the Plaintiff, or any statement or comment or questions by her counsel, which relate to any speculation or conjecture regarding vocational impairment, loss of wage earning capacity, or present net case value of future lost wages which the Plaintiff may allege.  Plaintiff has no expert witness in the field of economics or vocational rehabilitation, thus rendering any evidence or testimony regarding these issues would be pure speculation without proper foundation.

9. Any testimony by any designated expert witness or any other witness on behalf of the Plaintiff, or any statement or comment or questions by her counsel, which relate to any speculation or conjecture regarding any alleged emotional distress or mental anguish suffered by the Plaintiff. Plaintiff has no expert witness in the field of mental or emotional health or any other related field, and has not produced any documents or evidence relating to any claims for emotional distress or mental anguish, thus any evidence or testimony regarding these issues would be pure speculation without proper foundation.

10. Any testimony by any witnesses called by the Plaintiff whose identity was not revealed prior to the expiration of the discovery deadline in this case.

11. Any comment by Counsel, or any other reference or implication by Counsel, or any evidence regarding any subsequent remedial measures which Defendant may have taken subsequent to the accident alleged herein. This information should be excluded pursuant to FRE 407.

12. Any evidence, testimony, or any other reference or implication by Counsel or by any witness as to the Plaintiff's damages that is based on any record, photograph, video, estimate, quote, report, or other document which was not revealed prior to the expiration of the discovery deadline in this case. Such information was requested in written discovery by Defendant pursuant to Federal Rule of Civil Procedure 26(b)(4). Therefore, such evidence or testimony is not relevant pursuant to FRE 401 and should be excluded pursuant to FRE 402. In the alternative, this testimony should be excluded pursuant to FRE 403, because the probative value of this testimony is substantially outweighed by the danger of unfair prejudice. Furthermore, such evidence should be excluded pursuant to FRE 404.

13. Any comment by Counsel, or other reference or implication by Counsel, or any evidence or testimony regarding any document or other tangible thing the identity of which was not revealed, nor a copy of the same provided, prior to the expiration of the discovery deadline as ordered by the Court.

14. Any testimony by any witnesses whose identity was not revealed prior to the expiration of the discovery deadline in this case.

RESPECTFULLY SUBMITTED, this the  1st  day of December, 2021.

        E.C. BARTON & COMPANY D/B/A
        SURPLUS WAREHOUSE,
        Defendant

        BY:   ANDERSON CRAWLEY & BURKE, PLLC
              Its Attorneys


        BY:   /s/Timothy D. Crawley
              Timothy D. Crawley/MSB#7826

Timothy D. Crawley / (MSB# 7826)
Michael T. Bartley / (MSB# 99111)
ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AT LAW
POST OFFICE BOX 2540
RIDGELAND, MS 39158
TELEPHONE: (601) 707-8800
FACSIMILE:  (601) 707-8801
E-MAIL:     TCrawley@ACBLaw.com
                MBartley@ACBLaw.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Defendant, E.C. BARTON & COMPANY D/B/A SURPLUS WAREHOUSE, do hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which forwarded notice of such filing to all known counsel of record and interested parties.

This, the  1st  day of December, 2021.

BY:  /s/ Timothy D. Crawley
 Timothy D. Crawley/MSB#7826

Timothy D. Crawley / (MSB# 7826)
Michael T. Bartley / (MSB# 99111)
ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AT LAW
POST OFFICE BOX 2540
RIDGELAND, MS 39158
TELEPHONE: (601) 707-8800
FACSIMILE: (601) 707-8801
E-MAIL:  TCrawley@ACBLaw.com
  MBartley@ACBLaw.com

Prevail History/1160.012/Trial Pleadings